Truman H. Newberry, *et al.,* v. W. B. Harris, *et al.,* as Board of Commissioners of Pinellas County, *et al.,* and David Sholtz, *et al.,* as State Board of Administration, *et al.*

153 So. 901.

En Banc.

Opinion Filed April 2, 1934.

Per Curiam.—In this case the Supreme Court declines to take original jurisdiction of the controversy sought to be adjudicated by a proceeding in mandamus against the officials of Pinellas County and the State Board of Administration, because it has not been made to appear that there is any new or novel question herein sought to be raised or presented, nor does it appear that there is any such question of public interest necessarily involved, as will warrant this Court in assuming original jurisdiction with respect to a matter which it appears to us can be just as well adjudicated in the Circuit Court of Pinellas County without undue prejudice to the rights of the relators.

The principles upon which the Supreme Court acts in assuming original jurisdiction in mandamus cases involving the enforcement of public securities were stated in Humphreys v. State, *ex rel.* Palm Beach Co., 108 Fla. 92, 145 Sou. Rep. 858, as follows (145 Sou. Rep., text p. 865) :

"* * * the power vested in the Supreme Court to assume

and exercise original jurisdiction in mandamus cases, * * * has been habitually exercised by the Supreme Court only in those cases where it appeared that there was involved some grave question of general law, possibly controlling in other cases of like character, and thereby necessitating an early decision in the interest of avoiding unnecessary litigation."

There is nothing before us in the present case to show that this case involves any special or peculiar question of law, an early decision of which will avoid unnecessary litigation in other cases which would be controlled by force of the decision in this case, therefore the alternative writ is denied, but without prejudice to leave to withdraw the petition filed here in order that it may be filed in the Circuit Court.

Alternative writ denied without prejudice to apply to Circuit Court.

DAVIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.